UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA EDWARDS,<br><br>            Plaintiff,<br><br>    v.<br><br>GRUBB & ELLIS MANAGEMENT SERVICES,<br><br>            Defendant. | CASE NO. C12-91RAJ<br><br>ORDER |

    This matter comes before the court on plaintiff Sandra Edwards's motion to amend the complaint. Dkt. # 10.

    On January 17, 2012, defendant Grubb & Ellis Management Services removed this action to this court, and on February 10, 2012, plaintiff filed her first amended complaint. Dkt. ## 1, 5. Plaintiff alleges state law claims for employment discrimination and tortious infliction of emotional distress. Dkt. # 5. On February 28, 2012, the court stayed this action based on defendant's bankruptcy petition which triggers an automatic stay on any action or proceeding against the debtor. Dkt. # 7. On November 1, 2013, plaintiff provided notice to the court that the Bankruptcy Court lifted the automatic stay

ORDER- 1

to permit Ms. Edwards to pursue her employment claims to the extent of available insurance proceeds. Dkt. # 9. Plaintiff now seeks to amend her complaint to add defendant's insurer, Lexington Insurance Company ("Lexington"). Dkt. ## 10-11.

At this stage in the litigation, a party may amend its pleading only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Although the rule should be interpreted with extreme liberality, leave to amend should not be granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). "A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce undue delay in the litigation, or result in futility for lack of merit." *Id.*

The court has reviewed plaintiff's proposed second amended complaint. Plaintiff does not allege any claims against Lexington. Nor has plaintiff alleged any facts that could give rise to a claim against Lexington for employment discrimination or tortious infliction of emotional distress. *See Postlewait Cons., Inc. v. Great Am. Ins. Cos.*, 106 Wash. 2d 96, 102 (Wash. 1986) (holding that lessor was not intended third party beneficiary of the insurance agreement between lessee and the insurer, rendering moot the lessor's claims against the insurer). The court believes that permitting amendment would be futile under these circumstances.

The court recognizes that the Bankruptcy Court lifted the automatic stay "for the limited purpose of allowing Edwards to pursue the Employment Claims only to the extent of available insurance[.]" Dkt. # 11-1 at 3. However, the order lifting the stay does not control the substantive law the court must apply to the employment discrimination and tortious infliction of emotional distress claims at issue in plaintiff's complaint. Plaintiff may continue her claims against defendant. The procedure by which she would recover any amount of potential judgment or settlement appears to be beyond this court's jurisdiction.

For all the foregoing reasons, the court DENIES plaintiff's motion to amend the complaint. Finally, the court notes that neither party moved the court for an order lifting

the stay. Nevertheless, the court ORDERS that the stay be lifted, and that the Clerk enter the initial case scheduling deadline.

Dated this 28th day of April, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge